UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID REDDICK,** **PLAINTIFF** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2715** |
| **MEDTRONIC, INC.,** **DEFENDANT** | **SECTION "E" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff David Reddick's ("Plaintiff") Motion for Remand.[1] Defendant Medtronic, Inc. ("Defendant") opposes this motion.[2] For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

This dispute arises out of injuries allegedly suffered by Plaintiff in December, 2013.[3] Plaintiff alleges that an Implantable Cardiac Defibrillator manufactured by Defendant and surgically implanted in Plaintiff was the proximate cause of his future medical complications.[4]

Plaintiff previously brought an action in this Court based on the same alleged injury.[5] In the prior litigation between the two parties, Defendant successfully removed the case to federal court,[6] and Plaintiff did not file a Motion to Remand. On March 1, this Court dismissed Plaintiff's claim for breach of contract.[7] On March 2, 2022, this Court granted Defendant's motion for summary judgment regarding Plaintiff's Louisiana

---

[1] R. Doc. 9.
[2] R. Doc. 15.
[3] R. Doc. 1-4 at p. 2.
[4] *Id.* at pp.2-3.
[5] R. Doc. 1-1 at p. 1.
[6] R. Doc 1-4.
[7] R. Doc. 174 [19-1311].

1

Product Liability Act claims.[8] On appeal the United States Court of Appeals for the Fifth Circuit affirmed this Court's ruling on March 9, 2022.[9]

On April 11, 2022, Plaintiff filed the instant action against Defendant in the Civil District Court for the Parish of Orleans, State of Louisiana.[10] Defendant again removed Plaintiff's lawsuit to federal court.[11] Plaintiff filed the instant motion to remand on August 25, 2022.[12] Defendant filed an opposition on September 6, 2022.[13]

## ANALYSIS

A federal district court has jurisdiction over lawsuits between citizens of different states in which the amount in controversy exceeds $75,000.[14] "[A] corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[15] A corporation's principal place of business is the corporation's singular "nerve center," which is the corporation's main office where the officers "conduct direct, control, and coordinate the corporation's activities."[16] Merely conducting business in a state or having employees in a state is insufficient to show that corporation is a citizen of that state for purposes of diversity jurisdiction.[17]

In his motion to remand, Plaintiff argues that "[Defendant] does business in Louisiana and has employees in Louisiana,"[18] and as a result this Court does not have

---

[8] R. Doc. 175 [19-1311].
[9] R. Doc. 1-2.
[10] R. Doc. 1-1 at p. 2.
[11] R. Doc 1-1.
[12] R. Doc. 9.
[13] R. Doc. 15.
[14] 28 U.S.C. § 1332.
[15] *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983); *see* 28 U.S.C. 1332(c)(1) (2018).
[16] *Rowell v. Shell Chem. LP*, No. CV 14-2392, 2015 WL 7306435, at *3–4 (E.D. La. Nov. 18, 2015) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).
[17] *Firmin v. Richard Const., Inc.*, No. 12-1391, 2012 WL 5332998, at *3 (E.D. La. Oct. 26, 2012) ("That defendant maintains an office in Louisiana does not affect its Texas citizenship, since there is no evidence that it is incorporated in Louisiana, and its headquarters is in Beaumont, Texas.").
[18] R. Doc. 9-1 at p. 2.

diversity jurisdiction.[19] In opposition, Defendant argues removal is appropriate given its status as a Minnesota citizen: "[Defendant] is a corporation incorporated in Minnesota and maintains its principal place of business in Minnesota. . . [t]hus, [Defendant] is a citizen of Minnesota for purposes of federal diversity jurisdiction."[20]

In this case, diversity jurisdiction does exist between these two parties. Plaintiff is domiciled in Louisiana and is a citizen of Louisiana.[21] Defendant is a Minnesota corporation with its principal place of business in Minnesota,[22] as verified by the affidavit of Defendant's Director and Assistant Secretary, Anne M. Ziebell.[23] Defendant is a citizen of Minnesota. The fact that Defendant conducts business in Louisiana and has employees located in Louisiana does not affect its citizenship for purposes of diversity jurisdiction.[24] Rather, the "nerve center" test shows that Defendant's singular primary place of business is in Minnesota.

Subject matter jurisdiction also requires that the amount in controversy exceeds $75,000.[25] To determine the amount in controversy requirement, the primary inquiry is whether defendants have shown it is "facially apparent" from the state court petition that the claims exceed $75,000.[26]

Plaintiff alleges he suffered both physical and mental pain and suffering and sustained potentially permanent disability.[27] Further, in Defendant's notice of removal,

---

[19] *Id.* at p.1; Additionally, Plaintiff seeks payment for attorney's fees and costs stemming from this allegedly improper removal action. R. Doc. 9 at p. 2.
[20] R. Doc. 15 at p. 2.
[21] R. Doc. 1-1 at p. 3.
[22] *Id.* at p. 4.
[23] R. Doc. 15-1.
[24] R. Doc. 9 at p. 1.
[25] 28 U.S.C. § 1332.
[26] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010).
[27] R. Doc. 1 at p. 7. Plaintiff also claims he has suffered and will continue to suffer financial loss, both from past and future medical expenses and lost wages. Plaintiff additionally claims he is entitled to compensation for loss of consortium. *Id.*

Defendant points out that Plaintiff alleges he suffered, *inter alia*, increased morbidity, damage and permanent scarring of the heart, multiple emergency room visits, loss of wages and earning capacity, and loss of insurance coverage.[28] Plaintiff does not dispute the amount in controversy in his Motion to Remand.[29] Moreover, Plaintiff's instant Petition alleges the same set of facts he alleged in his previous action against Defendant, which the Court found satisfied the amount in controversy requirement.[30] Accordingly, the amount in controversy requirement has been met.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand[31] is **DENIED**.

**New Orleans, Louisiana, this 6th day of October, 2022.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[28] *Id.* at pp. 5-6.
[29] R. Doc. 9-1.
[30] R. Doc. 1 at p. 5.
[31] R. Doc. 9.