**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID REDDICK,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 22-2715** |
| **MEDTRONIC, INC.,** | **SECTION: "E" (1)** |
| **Defendant** | |

## ORDER AND REASONS

Before the Court is Plaintiff David Reddick's ("Plaintiff") Motion to Stay Proceedings Pending Appeal.[1] Defendant Medtronic, Inc. ("Defendant") opposes this motion.[2] Because Plaintiff did not yet ask the Court to certify this Court's order for interlocutory appeal, the Court also construes this motion as a request to certify its order for appeal.[3] For the reasons set forth below, the request to certify and the motion to stay are **DENIED**.

## BACKGROUND

This dispute arises out of injuries allegedly suffered by Plaintiff in December, 2013.[4] Plaintiff alleges that an Implantable Cardiac Defibrillator manufactured by Defendant and surgically implanted in Plaintiff was the proximate cause of his future medical complications.[5] On April 11, 2022, Plaintiff filed the instant action against Defendant in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] Defendant removed Plaintiff's lawsuit to federal court.[7] Plaintiff filed a motion to remand

---

[1] R. Doc. 30.
[2] R. Doc. 33.
[3] *See infra* note 17.
[4] R. Doc. 1-4 at p. 2.
[5] *Id.* at pp. 2-3.
[6] R. Doc. 1-1 at p. 2.
[7] R. Doc 1-1.

1

for lack of subject matter jurisdiction, which the Court denied on October 6, 2022.[8] On October 11, 2022, without requesting the Court certify the decision for appeal, Plaintiff appealed the Court's denial of his motion to remand to the United States Court of Appeals for the Fifth Circuit.[9] Subsequently, on October 17, 2022, Plaintiff filed the instant motion to stay the proceedings pending the appeal.[10] Defendant filed an opposition.[11]

## ANALYSIS

Plaintiff argues a motion to stay is appropriate because Plaintiff is likely to succeed on the merits of his appeal.[12] Plaintiff further argues failure to grant a stay will cause hardship to Plaintiff, and Defendant will not be prejudiced by the delay.[13] In opposition, Defendant argues Plaintiff has failed to demonstrate a likelihood of success on the merits because the appeal has not been certified by this Court, as required by the Fifth Circuit, and because this Court's decision denying Plaintiff's motion to remand was "unquestionably correct."[14] Moreover, Defendant argues Plaintiff has failed to demonstrate how the other factors considered by the Court weigh in favor of staying the proceedings.[15]

Because Plaintiff did not request the Court certify its denial of the motion to remand for appeal, as required by the Fifth Circuit,[16] the Court construes this motion first,

---

[8] R. Doc. 24.
[9] R. Doc. 25.
[10] R. Doc. 30.
[11] R. Doc. 33.
[12] R. Doc. 30-1 at p. 2.
[13] *Id.* at p. 3.
[14] R. Doc. 33 at p. 2.
[15] *Id.*
[16] *See* discussion *infra* Part I.

as a request to certify for appeal the Court's order denying Plaintiff's motion to remand, and second, as a motion to stay the proceedings pending appeal.[17]

## I.   Plaintiff's Request to Certify for Appeal Its Order Denying Plaintiff's Motion to Remand Is Denied.

Plaintiff has failed to establish interlocutory appeal is appropriate in the instant action. 28 U.S.C. § 1291 provides "[t]he court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."[18] However, "[a]n order denying a motion to remand is not appealable as a final decision within the meaning of 28 U.S.C. § 1291; standing alone, such a ruling cannot be appealed unless certified by the district court under 28 U.S.C. § 1292(b)."[19] 28 U.S.C. § 1292(b) provides:

> When a district judgment, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . . [and] [t]he Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order.

There are three criteria set forth in 28 U.S.C. § 1292(b) that must be met before the Court can properly certify an interlocutory order for appeal: (1) there must be a controlling question of law; (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[20] It is within the Court's discretion to certify an order for

---

[17] *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 812 (5th Cir. 2012) (affirming the decision of the district court wherein the district court construed Plaintiff's motion to stay pending the outcome of his interlocutory appeal as a request to certify the order for interlocutory appeal).
[18] 28 U.S.C. § 1291 (2018).
[19] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 539 (5th Cir. 2005) (citing *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063 (5th Cir. 1981)).
[20] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).

interlocutory appeal under Section 1292(b).[21] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[22] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[23]

Plaintiff has failed to demonstrate that there is a substantial ground for difference of opinion regarding this Court's denial of Plaintiff's motion to remand. Without restating this Court's order denying Plaintiff's motion to remand in its entirety, the Court reiterates that subject matter jurisdiction exists in this case for the following reasons.

It is undisputed that this Court has jurisdiction over lawsuits between citizens of different states in which the amount in controversy exceeds $75,000.[24] "[A] corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[25] A corporation's principal place of business is the corporation's singular "nerve center," which is the corporation's main office where the officers "conduct direct, control, and coordinate the corporation's activities."[26] Merely conducting business in a state or having employees in a state is insufficient to show that corporation is a citizen of that state for purposes of diversity jurisdiction.[27] Defendant has

[21] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. CIV.A. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

[22] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir.1983)).

[23] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).

[24] 28 U.S.C. § 1332.

[25] *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983); *see* 28 U.S.C. 1332(c)(1) (2018).

[26] *Rowell v. Shell Chem. LP*, No. CV 14-2392, 2015 WL 7306435, at *3–4 (E.D. La. Nov. 18, 2015) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).

[27] *Firmin v. Richard Const., Inc.*, No. 12-1391, 2012 WL 5332998, at *3 (E.D. La. Oct. 26, 2012) ("That defendant maintains an office in Louisiana does not affect its Texas citizenship, since there is no evidence that it is incorporated in Louisiana, and its headquarters is in Beaumont, Texas.").

provided by affidavit that it is a Minnesota corporation with its principal place of business in Minnesota.[28] The Court finds Plaintiff has not demonstrated a substantial ground for difference of opinion on this matter. Instead, it is clear Plaintiff merely disagrees with the Court, which is not in and of itself grounds for interlocutory appeal. Accordingly, Plaintiff's request to certify this Court's order for appeal is denied.[29]

## II.   Plaintiff's Motion to Stay Proceedings Pending Appeal Is Denied.

Considering the Court's denial of Plaintiff's request to certify the order for appeal, Plaintiff's motion to stay pending appeal is moot, because there is nothing to be appealed. However, even if this Court were to entertain such a request to certify the interlocutory appeal, this Court finds a stay would not be warranted.

"A stay does not follow automatically from an interlocutory appeal."[30] "The Fifth Circuit described four factors for consideration by a district court when determining whether to issue a stay pending appeal."[31] Plaintiff must show:

> (1) that he is likely to succeed on the merits of his appeal; (2) he would suffer irreparable injury if the Court denied the motion to stay; (3) granting the motion to stay would not substantially harm the other parties involved in the suit; and (4) granting the motion to stay would serve the public interest.[32]

For the reasons discussed at length above, Plaintiff has not shown any likelihood of success on the merits of his appeal. Accordingly, Plaintiff's motion to stay proceedings pending appeal is denied.

---

[28] R. Doc. 15-1.

[29] The Court recognizes Plaintiff has already appealed this Court's order to the Fifth Circuit, an appeal which will undoubtedly be denied because this Court has not certified its order for appeal. R. Doc. 25. Although denying a request to certify for appeal after an appeal has been filed is procedurally unique, the Court finds it expedient to rule on the issue simultaneously with the motion to stay.

[30] *Nicholas v. Alcatel USA, Inc.*, No. 5:05-CV-43-DF, 2007 WL 972452, at *1 (E.D. Tex. June 19, 2007) (citing *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981)).

[31] *Muhammad v. La. Attorney Disciplinary Bd.*, No. 09-3431, 2009 WL 2160773, at *1 (E.D. La. July 15, 2009).

[32] *Id.*

## CONCLUSION

**IT IS ORDERED** that, to the extent Plaintiff asserts a request to certify for appeal the Court's order denying his motion to remand, the request is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay[33] is **DENIED**.

**New Orleans, Louisiana, this 31st day of October, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 30.