## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DAVID REDDICK,                                              CIVIL ACTION
     PLAINTIFF

VERSUS                                                     No. 22-2715

MEDTRONIC, INC.,                                          SECTION "E" (1)
     DEFENDANT

## ORDER AND REASONS

Before the Court is Defendant Medtronic, Inc.'s ("Defendant") Motion to Dismiss.[1] Plaintiff David Reddick ("Plaintiff") opposes this motion.[2] Defendant filed a reply.[3] The Court held oral argument on November 29, 2022.[4] For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

This dispute arises out of injuries allegedly suffered by Plaintiff in December, 2013.[5] Plaintiff alleges that an Implantable Cardiac Defibrillator manufactured by Defendant and surgically implanted in Plaintiff was the proximate cause of his future medical complications.[6]

Plaintiff previously brought an action in this Court based on the same alleged injury ("*Reddick I*").[7] On March 2, 2022, in *Reddick I*, this Court granted Defendant's motion for summary judgment regarding Plaintiff's Louisiana Product Liability Act

---

[1] R. Doc. 10.
[2] R. Doc. 23.
[3] R. Doc. 29.
[4] R. Doc. 36.
[5] R. Doc. 1-4 at p. 2.
[6] *Id.* at pp.2-3.
[7] R. Doc. 1-1 at p. 1; *Reddick v. Medtronic, Inc.*, No. 2:18-cv-08568 ("*Reddick I*").

claims.[8] On appeal, the United States Court of Appeals for the Fifth Circuit affirmed this Court's ruling on March 9, 2022.[9]

On April 11, 2022, Plaintiff filed the instant action against Defendant in the Civil District Court for the Parish of Orleans, State of Louisiana.[10] Plaintiff brings claims under the Louisiana Products Liability Act ("LPLA").[11] Defendant again removed Plaintiff's lawsuit to federal court.[12] On August 25, 2022, Defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be granted.[13]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as

---

[8] R. Doc. 175 [19-1311].
[9] R. Doc. 1-2.
[10] R. Doc. 1-1 at p. 2.
[11] R. Doc. 1. Although Plaintiff's state court petition also makes allegations that Defendant acted fraudulently in its dealing with the FDA (characterized by Plaintiff as "fraud on the FDA"), Plaintiff made clear during oral argument that he has withdrawn his fraud claim and only brings claims under the Louisiana Products Liability Act.
[12] R. Doc 1-1.
[13] R. Doc. 10.
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[16] *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).

factual conclusions will not suffice to prevent a motion to dismiss."[17] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[18]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[20] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[21]

## LAW AND ANALYSIS

Defendant filed the instant motion to dismiss on the basis of several arguments. Defendant argues Plaintiff's claims are (1) barred by the doctrine of res judicata; (2) preempted by the Medical Device Amendments to the Federal Food, Drug, and Cosmetics Act; (3) prescribed under Louisiana's one-year prescriptive period; (4) entirely subsumed by the LPLA; and (5) insufficiently supported by facts to survive a motion to dismiss.[22] Plaintiff opposes each of Defendant's arguments.[23] In addition, in his opposition, Plaintiff requested the opportunity to amend his complaint after discovery.[24] For the reasons stated below, the Court finds Plaintiff's claims are barred by the doctrine of res judicata and allowing amendment to his complaint would be futile.

---

[17] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[18] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[19] *Twombly*, 550 U.S. at 555.
[20] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).
[21] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).
[22] R. Doc. 10 at pp. 1-2.
[23] R. Doc. 23. Although Plaintiff did not address Defendant's argument that the claim was prescribed in his opposition, Plaintiff's counsel did oppose this argument during oral argument.
[24] R. Doc. 23 at pp. 2-3.

At the outset, because the parties invoke this Court's subject matter jurisdiction on the basis of the existence of diversity of citizenship between the parties,[25] the Court must determine whether to apply state or federal law. "Where federal jurisdiction, as here, is based on diversity, [the Court] applies the substantive law of the forum state—[Louisiana]."[26] Accordingly, the Louisiana law governing res judicata applies.

Louisiana law provides for "a broad application of res judicata to foster judicial efficiency and protect litigants from duplicative litigation.'"[27] "That said, 'any doubt concerning application of the principle of res judicata must be resolved against its application.'"[28] Louisiana's res judicata statute provides that "a valid and final judgment is conclusive between the same parties, except on appeal or other direct review" and that "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished."[29] The Louisiana Supreme Court has held a second action is precluded by the res judicata statute when five elements are satisfied: (1) "the judgment is valid;" (2) "the judgment is final;" (3) "the parties are the same;" (4) "the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation;" and (5) "the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation."[30]

Defendant argues it has established each of the above elements and is thereby entitled to dismissal on the basis of res judicata.[31] In his opposition, Plaintiff challenges

---

[25] R. Doc. 1.
[26] *Pearson v. BP Products North America, Inc.*, 449 Fed. Appx. 389, 390 (5th Cir. 2011).
[27] *Dotson v. Atlantic Specialty Ins. Co.*, 24 F.4th 999, 1003 (5th Cir. 2022).
[28] *Id.*
[29] La. R.S. 13 § 4231(1)-(2).
[30] *Chevron U.S.A., Inc. v. State*, 993 So. 2d 187, 194 (La. 2008).
[31] R. Doc. 10 at pp. 11-13.

only element four, whether the cause of action asserted in the second suit existed at the time of final judgment in the first litigation, arguing "[a] new and separate cause of action has arisen from Medtronic's admission to the FDA of the defective battery, circuit and Evera, and the April 12, 2021 FDA recall" and as a result, Plaintiff's "new cause of action is not barred by res judicata."[32] Even though the Plaintiff did not argue that element five also has not been established, elements four and five are intertwined and the Court will discuss both below.

Considering element four, the Court finds the FDA recall in this case does not create a new cause of action for the purposes of res judicata. An FDA recall does not, in and of itself, create a "cause of action."[33] A cause of action under the LPLA exists if a plaintiff can demonstrate "an unreasonably dangerous characteristic of the product proximately caused damages to the claimant when the claimant used the product in a reasonably anticipated manner," and the product is unreasonably dangerous in one of four ways: (1) in construction or composition; (2) in design; (3) because an adequate warning about the product had not been provided; and (4) because it does not conform to an express warning of the manufacturer about the product.[34] Notably absent from this list is a cause of action created by the mere fact that a product was recalled by the FDA. A recall, in and of itself, does not create a cause of action but is mere evidence that may be used to support the elements of a cause of action.[35]

---

[32] R. Doc. 23 at p. 1.

[33] The Louisiana Legislature and Louisiana courts have acknowledged the difficulty in defining what constitutes a "cause of action" for the purposes of res judicata. La. R.S. 13 § 4231, cmt. a. However, it is clear that an FDA recall does not create a new cause of action in the case at bar. In fact, Plaintiff is asserting the same causes of action—theories of liability under the LPLA—as he asserted in *Reddick I*. Nothing about the FDA recall changes the fact that Plaintiff's causes of action remain the same.

[34] *Williams v. Janssen Pharm., Inc.*, No. 14-3354, 2016 WL 6127526, at *2 (W.D. La. Oct. 20, 2016).

[35] Plaintiff does not argue that the FDA recall represents newly discovered evidence. However, even if Plaintiff did raise such an argument, the question of whether Plaintiff now has additional evidence *in support of a cause of action* is not properly raised in a subsequent suit. *Lall v. Bank of N.Y. Mellon as*

Moreover, nothing barred Plaintiff from soliciting expert testimony regarding the battery life of the device in the first suit as a claim under the LPLA, and the FDA recall does nothing more than *potentially* provide additional evidence as to a new theory of liability—one that Plaintiff could have raised in his first suit. Plaintiff is unable to change a critical fact—that Plaintiff already had the opportunity to litigate and investigate these exact claims in *Reddick I*. This is the quintessential circumstance in which Louisiana's broad application of res judicata steps in to foster judicial efficiency and protect litigants from duplicative litigation. Accordingly, no new cause of action exists and element four has been met.

In addressing element five, whether the cause of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation, the Court considers the legislative history of Louisiana's res judicata law. "Louisiana Revised Statute 13:4231 provides a broad application of res judicata to foster judicial efficiency and protect litigants from duplicative litigation."[36] "With the amendment of § 4231 in 1990, Louisiana broadened its res judicata law to correspond with federal law by embracing the notion of 'extinguishment' of the cause of action through the preclusion

---

*trustee to JPMorgan Chase Bank, N.A.*, 783 F. App'x 375, 379 (5th Cir. 2019); *Arkansas v. Wilmington Trust Nat'l Assoc.*, No. 3:18-cv-1481-L, 2020 WL 1249570, at *9 n.7 (N.D. Tex. Mar 16, 2020) (explaining *Lall* re-stated the general principle that newly discovered evidence does not preclude the application of res judicata). A direct challenge based on newly discovered evidence properly falls under Federal Rule of Civil Procedure 60, which provides "a court may relieve a party from final judgment based on 'newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). Moreover, the Fifth Circuit has made clear that newly discovered evidence does not bar the application of res judicata. *Lall*, 783 F. App'x at 379. "To the contrary, [Fifth Circuit] caselaw indicates that 'the proper medium for a challenge [based on newly discovered evidence] is through a direct challenge.'" *Id.* Accordingly, even if the Court characterized Plaintiff's argument as one based on newly discovered evidence, it is not properly raised in a subsequent suit and is barred by the doctrine of res judicata.
[36] *Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 810 (5th Cir. 2000).

concepts of 'merger' and 'bar.'"[37] The 1990 change was explained in detail in Comment A

to Louisiana Revised Statute 13 § 4231:

> R.S. 13:4231 makes a substantial change in the law. Under the present law a second action would be barred by the defense of res judicata only when the plaintiff seeks the same relief based on the same cause or grounds. This interpretation of res judicata is too narrow to fully implement the purpose of res judicata which is to foster judicial efficiency and also to protect the defendant from multiple lawsuits. For example, in *Mitchell v. Bertolla*, 340 So.2d 287 (La. 1976) the plaintiff sued unsuccessfully to rescind the lease for lesion beyond moiety and nonpayment of the rent, and then sued to rescind the same lease for fraud. The Supreme Court held that the second action was not barred by res judicata because it was based on a different cause (the legal principle upon which the demand is based).
>
> Under new R.S. 13:4231 the second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation; and by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes "cause of action" []. For purposes of res judicata, it [does] not matter whether the cause of action asserted in the second act was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.[38]

Focusing on the central question—whether the second action asserts a cause of action

which arises out of the transaction or occurrence which was the subject matter of the first

action—it is clear element five has been met, and Plaintiff's claims are barred by the

doctrine of res judicata as interpreted by Louisiana courts.[39] Plaintiff's claims arose out of

---

[37] *Id.*

[38] La. R.S. 13 § 4231, cmt. a.

[39] *See Spencer v. State ex rel. Dept. of Transp. And Development*, 887 So. 2d 35, 37-38 (La. App. 1 Cir. 2004) (relying on Comment A in interpreting the meaning of a cause of action).

the same injuries allegedly caused by the same device which was the subject matter of *Reddick I*. Accordingly, Defendant's motion to dismiss should be granted.[40]

Finally, Plaintiff's request for leave to amend his complaint after discovery is denied, as an amendment to his complaint would be futile. It is within the district court's discretion under Rule 15 to deny leave to amend if the amendment would be futile.[41] The Fifth Circuit has held futility means "the amended complaint would fail to state a claim upon which relief could be granted."[42] Having found Plaintiff's claims are barred by the doctrine of res judicata because Plaintiff has not asserted a new cause of action and Plaintiff's claims arose out of the same transaction or occurrence as in the first suit, there is no amendment to Plaintiff's complaint that would cure this deficiency. Accordingly, Plaintiff's request for leave to amend his complaint is denied.[43]

## CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's motion to dismiss[44] with prejudice is **GRANTED**.[45]

---

[40] The Court notes that res judicata is properly raised at the motion to dismiss stage in this case. "Although res judicata generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,'" the Fifth Circuit has held "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts[,] and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020). Here, it is apparent from the complaint and judicially noted facts alone that this action is barred by res judicata. Moreover, Plaintiff did not contest Defendant's failure to plead res judicata as an affirmative defense.

[41] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (first citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) and then citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

[42] *Id.* at 873.

[43] *Wagner v. Citimortgage, Inc.*, No. 3:15-CV-00867-M-BK, 2015 WL 9690211 (N.D. Tex. Dec. 14, 2015) (holding amendment would be futile where the plaintiff's claims were barred by res judicata); *Bucks v. DirecTECH Sw.*, 266 So.3d 467, 478 (La. App. 2 Cir. 2019) (affirming trial court's denial of the plaintiff's motion for leave to amend, finding the plaintiff's claims were barred by the doctrine of res judicata and dismissing the case).

[44] R. Doc. 10.

[45] Because Plaintiff's claims are barred by the doctrine of res judicata, the Court need not consider the other arguments raised by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's request to amend his complaint after discovery is **DENIED**.

New Orleans, Louisiana, this 23rd day of December, 2022.

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**